IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ARTHUR JOYAL BARKER           §
(TDCJ No. 1290750),           §
                              §
            Petitioner,       §
                              §
V.                            §          No. 3:17-cv-2422-C-BN
                              §
LORIE DAVIS, Director         §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,    §
                              §
            Respondent.       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Arthur Joyal Barker, a Texas inmate, has filed a *pro se* Motion for

Leave to File Motion for Newly Discovered Evidence in the Possession of Parkland

Hospital Medical Records [Dkt. No. 2], which has been construed as an application for

writ of habeas corpus under 28 U.S.C. § 2254. This action has been referred to the

undersigned United States magistrate judge for pretrial management under 28 U.S.C.

§ 636(b) and a standing order of reference from Senior U.S. District Judge Sam R.

Cummings. Because Barker essentially has filed an unauthorized successive petition,

the undersigned enters these findings, conclusions, and recommendation that the

Court should transfer the construed habeas application to the United States Court of

Appeals for the Fifth Circuit for appropriate action.

**Applicable Background**

As the Court set out in addressing what appears to be the last successive federal

habeas application Barker filed here,

[i]n 2005, petitioner pled guilty to aggravated robbery and was sentenced to 80 years confinement. His conviction and sentence were affirmed on direct appeal. *Barker v. State*, No. 05-05-00515-CR, 2006 WL 279381 (Tex. App. – Dallas, Feb.7, 2006, pet.ref'd). Petitioner also challenged his conviction in six state writs and three federal writs. One state writ was denied without written order. *Ex parte Barker*, WR-67,592-01 (Tex. Crim. App. Jun. 13, 2007). Five other writs were dismissed for abuse of the writ. *Ex parte Barker*, WR-67,592-04 (Tex. Crim. App. Mar. 19, 2008); *Ex parte Barker*, WR-67,592-10 (Tex. Crim. App. Feb. 11, 2009); *Ex parte Barker*, WR-67,592-13 (Tex. Crim. App. Jan. 13, 2010); *Ex parte Barker*, WR-67,592-15 (Tex. Crim. App. Nov. 24, 2010); *Ex parte Barker*, WR-67,592-16 (Tex. Crim. App. Sept. 7, 2011). With respect to his federal writs, one was denied on the merits. *Barker v. Quarterman*, No. 3:07-cv-1321-N, 2008 WL 2097165 (N.D. Tex. May 16, 2008), *COA denied*, No. 08-10572 (5th Cir. Mar. 17, 2009). Two others were dismissed as successive. *Barker v. Quarterman*, No. 3:09-cv-0729-K, 2009 WL 1321650 (N.D. Tex. May 11, 2009), *auth. for leave to file succ. writ denied*, No. 09-10461 (5th Cir. Aug. 5, 2009); *Barker v. Thaler*, No. 3:10-cv-0655-M, 2010 WL 1815832 (N.D. Tex. Apr. 13, 2010), *rec. adopted*, 2010 WL 1815722 (N.D. Tex. May 3, 2010), *auth. for leave to file succ. writ denied*, No. 10-10451 (5th Cir. Aug. 31, 2010). The Fifth Circuit has also denied three motions filed by petitioner seeking leave to file a successive application for writ of habeas corpus. *In re Barker*, No. 10-11253 (5th Cir. Feb. 20, 2011); *In re Barker*, No. 11-90027 (5th Cir. Aug. 1, 2011); *In re Barker*, No. 11-90032 (5th Cir. Aug. 1, 2011). In each case, petitioner was ordered to pay a monetary sanction and "barred from filing in this court or in any court subject to this court's jurisdiction any challenge to his conviction or sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge," *Barker*, No. 10-11253, or. at 2; *Barker*, No. 11-90027, or. at 1-2; *Barker*, No. 11-90032, or. at 1-2. Undeterred, petitioner now asks this court for leave to file a second or successive application for writ of habeas corpus.

*Barker v. Thaler*, No. 3:11-cv-3345-L-BD, 2011 WL 6747424, at *1 (N.D. Tex. Dec. 4, 2012) (recommending dismissal of the successive application for want of jurisdiction), *rec. adopted as modified*, 2011 WL 6747473 (N.D. Tex. Dec. 23, 2011) (transferring application to the Fifth Circuit for appropriate action and warning Barker "that he will be subject to sanctions should he continue to argue claims concerning these convictions

in this court without first seeking and acquiring authorization from the Fifth Circuit to file a successive petition" (emphasis omitted)).

Through the current filing, Barker requests leave from this Court to file a new action based on newly-discovered evidence.

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a "second or successive" application for federal habeas relief, *see generally* 28 U.S.C. § 2244, and "was enacted in part to bring finality to state court judgments," *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). As the Fifth Circuit has explained,

> Section 2244 lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second. In *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), we defined a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Section 2244 specifies when a later-in-time petition will be heard. Despite its strictures, the case law clarifies that there is a category of petitions that, even though later in time, are outside the confines of § 2244 and will be heard because they are not "second or successive" within the meaning of AEDPA.

*Id.* (footnotes omitted and internal citation modified).

Where multiple Section 2254 petitions attack the same judgment(s), a court "'look[s] to pre-AEDPA abuse of the writ principles in determining whether [a] petition

is successive.'" *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003)); *see id.* ("We held that Crone's petition was successive because he 'knew of all of the facts necessary to raise his [second] claim before he filed his initial federal petition.' This holding aligned with our 'strong policy against piecemealing claims.'" (quoting *Crone*, 324 F.3d at 837)).

The Court must determine whether a subsequent federal habeas application is second or successive within the meaning of AEDPA to ensure that there is subject matter jurisdiction. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)); *see also Crone*, 324 F.3d at 836 (collecting cases); *cf. Linzy v. Faulk*, No. 14-cv-00962-BNB, 2014 WL 5355293, at *3 (D. Colo. Oct. 21, 2014) ("[t]he one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional," and "[t]here is no language in 28 U.S.C. § 2244(d) that would prohibit [a court] from bypassing the issue of timeliness if the claims asserted in the § 2254 Application are without merit" (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006))).

A claim presented in a second or successive application under Section 2254 must be dismissed unless:

> (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). But that determination must be made by a three-judge panel of the circuit court of appeals before a petitioner files an application in district court. *See id.* § 2244(b)(3); *see also Garcia Briseno v. Dretke*, Civ. A. No. L-05-08, 2007 WL 998743, at *2 (S.D. Tex. Mar. 29, 2007) ("A circuit court preliminarily authorizes the filing of a successive action if a petitioner shows that it is 'reasonably likely' that his successive petition meets section 2244(b)'s 'stringent requirements.'" (quoting *In re Morris*, 328 F.3d 739, 740 (5th Cir. 2003))).

Assertions concerning newly-discovered evidence raise claims that are successive within the meaning of AEDPA. *See, e.g., Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

Barker's failure to obtain authorization from the Fifth Circuit under Section 2244(b)(3) before filing his current application "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone*, 324 F.3d at 836; *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir.

2010). Thus,

> it is appropriate for the Court to dismiss the successive [habeas application] without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer [it] to the Fifth Circuit for a determination of whether [the petitioner] should be allowed to file the successive [application] in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

The procedural history set out above (from close to six years ago) demonstrates that Barker should have known that he must obtain leave to file from the Fifth Circuit – not this Court. But, given his *pro se* status and, moreover, that the current filing is styled as a "motion for leave to file," as opposed to a habeas petition, transfer to the Fifth Circuit, as opposed to dismissal without prejudice, appears appropriate. The Court should, however, warn Barker that any future motion concerning this state conviction that is filed in this Court before obtaining leave from the Fifth Circuit will result in monetary sanctions.

## Recommendation

The Court should transfer Barker's habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 14, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-7-